No. 22,005.

M. W. CARDWELL, doing business as THE M. W. CARDWELL GRAIN COMPANY, *Appellant,* v. WAYNE L. HORNING, *Appellee.*

### SYLLABUS BY THE COURT.

1. CONTRACT—*Sale of Wheat—Failure of Seller to Deliver—Evidence—Finding of Jury—Instruction Erroneously Refused.* In an action to recover damages for failure to deliver wheat according to the terms of a contract, the jury returned a verdict for the defendant and made a finding that the contract, which was oral, was that defendant should deliver the wheat at Grantville within thirty days, providing plaintiff furnished cars, which plaintiff failed to do. On the trial defendant admitted at the time the contract was made plaintiff said to him he would accept the wheat piled on the ground at Grantville if cars could not be obtained. *Held,* that the matter of furnishing cars was for the benefit of the plaintiff, and that it was error to refuse to give an instruction that plaintiff's failure to furnish cars would not justify the defendant in rescinding the contract if the jury further found that plaintiff was willing to accept the wheat at Grantville and pay for the same, and so advised the defendant.

2. SAME—*Sale of Wheat—No Tender of Delivery Under Contract.* On the trial the defendant testified that the only notice he ever gave plaintiff that he could come and get the wheat was at the time the contract was entered into, when the plaintiff said to him, "You give me two or three days' notice and I will give you cars," and defendant replied, "You have got your notice now." Upon this evidence alone the jury made a finding that "the defendant . . . tendered wheat to plaintiff according to contract the day contract was made." *Held,* that the evidence was insufficient to sustain a finding that the defendant tendered a delivery of the wheat under the contract.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed February 7, 1920. Reversed.

*Otis E. Hungate,* and *Tinkham Veale,* both of Topeka, for the appellant.

*Joseph G. Waters,* and *John C. Waters,* both of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The action was to recover damages for the failure of defendant to deliver wheat purchased on contract. The petition alleged that on July 12, 1916, plaintiff purchased of defendant by an oral contract 5,000 bushels of wheat to be delivered at Grantville within 30 days as the parties could procure cars in which to ship the wheat, and that plaintiff was to pay defendant $1 per bushel; that defendant delivered under the contract 1,952.64 bushels of the wheat, but failed and refused to deliver the rest of it. A recovery was sought for the difference between the market price of the wheat at the time of the failure to deliver, and the contract price. The answer was a general denial. The jury returned a verdict for defendant, and judgment was rendered against plaintiff for costs, from which plaintiff has appealed.

The plaintiff testified that some time after defendant had delivered the first two cars of wheat, and on the 20th day of July, he drove down to defendant's place, told him he had a car ready and would be glad to have him load up the wheat, and that defendant said he did not have time to load it, "Just positively couldn't load it at that time"; that again on the 24th of July he was at Grantville looking after wheat he had bought from another party. He had a large car "set in" that had room in it for 800 bushels more, and he hunted up the defendant and asked him if he would not fill the car with his wheat, as it was all the same grade; that defendant said he could not do it at that time as he had all the teams hauling and they had just commenced threshing; and that plaintiff was obliged to ship the car partly loaded because of defendant's refusal to deliver wheat. He further testified that on the 19th or 20th of July the market price of wheat commenced

to advance and had advanced 10 to 13 cents a bushel and continued to advance until after September; that on the 28th or 29th of July he called the defendant by phone and insisted on his loading a car the plaintiff had ready, but that defendant said it would be impossible for him to do so, that his work was so arranged he couldn't; that about the 9th of August, after having sent the defendant a letter requesting the delivery of wheat and receiving no answer, he called him again by phone and asked if defendant had received the letter, and that defendant said he had, and plaintiff asked him about the wheat, and in reply defendant said, "I am not going to deliver it." The plaintiff testified that at the time the contract was made, both parties knew that cars were very scarce and hard to get; that this was one reason defendant wanted longer time, as well as because his machine had broken down; that plaintiff told the defendant he had been getting cars from the railway company through solicitation and said he would do all he could to get the cars, and if cars could not be obtained he would take the wheat piled on the ground at Grantville, and that defendant said that was all right.

With their verdict, the jury returned answers to a number of special questions. They found that the plaintiff entered into a verbal contract with the defendant for 5,000 bushels of wheat to be delivered at Grantville within 30 days from July 12, 1916, providing plaintiff furnished cars; that plaintiff failed to furnish the cars within that time, and that defendant never agreed or consented to an extension in the time of delivery. The jury found that the market value of the same grade of wheat at Grantville August 12, at the expiration of the 30-day period, was $1.41, and that on September 8 the market price was $1.57. The defendant testified that the wheat which he contracted to sell to the plaintiff at $1 per bushel and refused to deliver, he afterwards sold at prices ranging from $1.70 to $1.91 per bushel. The jury were asked whether the plaintiff notified the defendant at the time he made the contract that if cars could not be obtained he would accept the wheat piled on the ground. Their answer was, "Piling of the wheat on the ground was not considered as part of the contract." The defendant admitted on the trial that at the time the contract was made the plaintiff said to

him, "If you can't get cars I will accept it right there in Grant-ville, piled on the ground if necessary, and pay for it."

The court instructed the jury that it was for them to de-termine, first, what was the contract between the parties, if one was made, and, second, who committed a breach of its terms. The court refused plaintiff's request for the follow-ing instruction:

"If you find from the evidence that the defendant entered into a contract with the plaintiff to sell plaintiff 5,000 bushels of wheat to be delivered at Grantville, Kan., within 30 days from July 12, 1916, but that plaintiff failed to furnish cars which he had agreed to furnish in which to ship the wheat, that this fact would not justify defendant in rescinding the contract, if you further find that the plaintiff was willing to accept the wheat at Grantville, Kan., and pay for the same and so advised the defendant."

In view of the conceded fact that in the conversation when the contract was made, plaintiff stated to defendant that if cars could not be obtained when defendant was ready to de-liver, he would accept the wheat piled on the ground, we think it was error to refuse the instruction. Nor do we think the jury had a right to say that part of the conversation relating to the delivery of the wheat, which was an essential thing, formed no part of the contract itself. Besides, the defendant was not interested in the question whether cars could be ob-tained for carrying away the wheat. The cars were not for his benefit, but for that of the plaintiff, and if the latter saw fit to accept the wheat without cars, the defendant could not escape his liability for failure to deliver the wheat because of the inability of plaintiff to obtain cars in which to place it. This becomes apparent if we turn the case the other way round and suppose that the price of wheat, instead of advancing fifty or sixty cents a bushel, had declined, and that the purchaser claimed to be unable to obtain cars and for that reason would not take the wheat. In that case, undoubtedly, the seller would have the right to pile the wheat on the ground and recover the contract price, whether the purchaser was able to obtain cars or not. But in order to maintain such an action he would be required to make either an actual delivery of the wheat at the place provided in the contract, or to make a tender of delivery. It would seem to follow that the seller ought to be bound by his contract, and that he cannot base his refusal to deliver on a

provision in the contract which was for the benefit of the purchaser, and where he admits the purchaser offered, at the time the contract was made, to waive the provision.

It does not seem to be disputed that, at least upon two occasions when the plaintiff had a car ready and requested defendant to deliver wheat, the defendant refused, offering different excuses. It is apparent that if the price of wheat had not rapidly advanced during the 30 days there would have been no lawsuit. Under his contract it was necessary for the defendant within the 30 days to tender or offer to deliver the wheat to plaintiff. Did he do this? On that point his testimony is:

"Q. Do you claim you ever offered this to Mr. Cardwell when he wouldn't take the wheat? A. I don't know as I ever offered it to him but I—

"Q. Did you ever give him any notice he could come and get the wheat? A. Yes, sir.

"Q. When? A. When he bought it.

.    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. The only notice you ever gave Mr. Cardwell was when he bought the wheat when he stated he wanted reasonable notice and you says, 'I give you notice now'? A. He says, 'You give me two or three days notice and I will give you cars' and I says, 'you have got your notice now.'"

It was solely upon this evidence that the jury, asked to state when and where defendant ever tendered the wheat according to the contract, made the following answer:

"The defendant gave notice at time of contract and tendered wheat to plaintiff according to contract the day contract was made."

But the statement to plaintiff at the time the contract was entered into, "You have got your notice now," cannot, by any process of reasoning, be tortured into an offer to deliver the wheat then and there. It was not so intended; part of the wheat had not then been threshed. The answer of the jury was evasive, and, like many others, simply indicated a willingness to find some way if possible in which to defeat the plaintiff's claim.

For the reasons stated, the judgment will be reversed and a new trial ordered.